## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TIMOTHY J. CUNNINGHAM, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv−1360−MJR |
| | ) | |
| **BRIDWELL,** | ) | |
| **DUNLAP,** | ) | |
| **JOHNSON,** | ) | |
| **JENKINS,** | ) | |
| **TANNER,** | ) | |
| **BRUNNER,** | ) | |
| **CARRIE,** | ) | |
| **SIMMS,** | ) | |
| **SANDERS,** | ) | |
| **SHARP,** | ) | |
| **SNEARLY,** | ) | |
| **FALMIER,** | ) | |
| **VAUGHN,** | ) | |
| **JOHN & JANE DOES 1-40,** | ) | |
| **DUNCAN,** | ) | |
| **LAMB, and** | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS** | ) | |
| | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Timothy Cunningham brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred in Pickneyville Correctional Center and Lawrence Correctional Center. Plaintiff seeks monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

1

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is severable.

### The Complaint

Between June 8 and June 10, 2014, John Does 1 through 6 packed up Plaintiff's property from cell R2C32 at Pickneyville. (Doc. 1, p. 6). When Plaintiff's property was returned to him, he was missing 48 items. *Id.* Plaintiff was also missing trial transcripts and the "common law" record. *Id.* He alleges that he was unable to properly file a habeas corpus petition without these documents. *Id.*

Plaintiff's property was packed up again on September 24, 2014 at Pickneyville Correctional Center for a transfer to Lawrence Correctional Center, which occurred on September 25, 2014. *Id*. Plaintiff's property arrived at Lawrence on October 18, 2014. *Id.* Several items of Plaintiff's property were broken. *Id*. Plaintiff received the bulk of his property at Lawrence on October 31, 2014, and the remainder on December 1, 2014. (Doc. 1, p. 7). Plaintiff holds John Does #7-12 responsible for this chain of events. *Id.*

On November 8, 2014, Plaintiff handed Sharp an envelope with two motions to send to the law library. (Doc. 1, pp. 7-8). On November 27, 2014, Plaintiff discovered the envelope in the control center of his building. (Doc. 1, p. 8). It was never given to the law library. *Id*.

Plaintiff suffered a heart attack in his cell on October 5, 2014 at Lawrence. He alleges that John Does 13 through 18, i.e., the officers on 6 house working that day, ignored the panic button, and that Plaintiff waited 45 minutes for assistance. (Doc. 1, pp. 8-9).

Plaintiff was taken to health care after his heart attack, where he alleges that writing materials and hygiene supplies were withheld from him for 26 days. (Doc. 1, p. 9). Plaintiff does not name the officers who withheld these materials. *Id.*

Plaintiff alleges that Vaughn withheld communion from him at Lawrence, substantially burdening his practice of Christianity. (Doc. 1, p. 10).

3

Plaintiff is a handicapped inmate and he alleges that the method by which inmates are allotted their phone calls discriminates against handicapped inmates and severely limits the amount of time they can spend on the phone. *Id*. Falmier would attempt to accommodate Plaintiff's disability by allowing Plaintiff out of his cell at other times, but Falmier would only accommodate Plaintiff once a month and only for 15 minutes. *Id*.

On February 10, 2015, Jenkins transported Plaintiff to Dr. Reagan. (Doc. 1, p. 11). Plaintiff is incontinent, and during the transport, Jenkins denied Plaintiff the use of a urinal and waist chain handcuffs, which would have allowed Plaintiff to use the urinal. *Id*. Plaintiff wet himself and was forced to wait in the lobby of the health care unit and go to lunch in that humiliating condition. *Id*. On approximately March 28, 2015, the same thing happened. *Id*. Plaintiff was scheduled to see Dr. Reagan. *Id.* This time he strenuously objected to the use of "black box" restraints. *Id.* Dr. Coe got involved and had extra depends diapers sent with Plaintiff, but Plaintiff alleges that Jenkins refused to change Plaintiff's diaper or release Plaintiff so that he could do it himself, causing the same situation as before. *Id*.

Plaintiff alleges that Carie, Simms, Sanders, Tanner, Bruner, Jenkins, Bridwell, Johnson and Dunlap retaliated against him for filing grievances between June 19, 2015 and October 22, 2015 by denying him ice despite an ice distribution order issued by the warden for the relevant time period. (Doc. 1, pp. 12-13). Plaintiff was also subjected to retaliatory room searches, and meal times for the entire wing were cut short when he complained. (Doc. 1, p. 13).

From March 11, 2016 until September 16, 2016, the climate control in the ADA gym was pumping heat. (Doc. 1, p. 15). Temperatures regularly were 15-20 degrees higher than the outside temperature. *Id.* Plaintiff complained to prison administration but they failed to correct the problem. *Id.*

4

On September 14, September 18, and September 21, 2016, Snearly cut the time for the diabetics to eat short. (Doc. 1, p. 16). Snearly was the "walk officer" on those dates; and Plaintiff alleges that the walk officer is not supposed to be controlling how long inmates have to eat pursuant to internal regulations. *Id.* Plaintiff was forced to throw away food, which has the effect of making an inmate's insulin dose ineffective. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 12 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1** – John Does 1-6 violated Plaintiff's due process rights in violation of the Fourteenth Amendment when they lost 48 items of Plaintiff's property after packing it up between June 8, 2014 and June 10, 2014 at Pickneyville Correctional Center;

**Count 2** – John Does 1-6 denied Plaintiff access to the courts in violation of the First Amendment when they lost a trial transcript and the common law record while packing up Plaintiff's property between June 8, 2014 and June 10, 2014 at Pickneyville Correctional Center;

**Count 3** – John Does 7-12 violated Plaintiff's due process rights in violation of the Fourteenth Amendment when they lost or broke several items of Plaintiff's property after packing it up for his transfer to Lawrence Correctional Center on September 25, 2014**;**

**Count 4** – Sharp interfered with Plaintiff's access to the courts on November 8, 2015 in violation of the First Amendment when he picked up an envelope containing two motions for filing but never delivered the envelope to the law library;

**Count 5** – John Does 13-18 were deliberately indifferent to Plaintiff's heart attack in violation of the Eighth Amendment when they failed to respond to his panic button for 45 minutes;

**Count 6** – Plaintiff was deprived of hygiene items and writing supplies while in the health care unit in violation of the Eighth Amendment;

**Count 7** – Vaughn substantially burdened Plaintiff's practice of religion in violation of the First Amendment when he denied Plaintiff access to regular communion, a requirement of his Christian beliefs;

**Count 8** – Falmier did not accommodate Plaintiff's disability pursuant to the Americans with Disabilities Act (ADA) in order to allow him to use the phone on equal terms as non-disabled inmates;

**Count 9** – Duncan and Lamb failed to adequately regulate the temperature in the A.D.A. gym at Lawrence Correctional Center from March 11, 2016 through September 16, 2016, causing it to be excessively hot in violation of the Eighth Amendment's prohibition on cruel and unusual punishment;

**Count 10** – Jenkins failed to accommodate Plaintiff's disability pursuant to the ADA when he transported him on February 10, 2015 and March 28, 2015, causing Plaintiff to wet himself and suffer humiliation;

**Count 11** – Carie, Simms, Sanders, Tanner, Bruner, Jenkins, Bridwell, Johnson, and Dunlap retaliated against Plaintiff for filing grievances in violation of the First Amendment by denying him ice distribution between June 19, 2015 and October 22, 2015, conducting compliance checks, and cutting short meal times;

**Count 12** – On three occasions in September 2016, Snearly cut short Plaintiff's time to eat food in violation of the Eighth Amendment.

Before the Court addresses the severance issue, it notes that multiple defendants have not been associated with any claims. The body of Plaintiff's Complaint does not mention John Does 19-40. The Court is unable to ascertain what claims, if any, Plaintiff has against these defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not

6

sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For that reason, John Does 19-40 are dismissed without prejudice.

Additionally, Plaintiff has attempted to bring suit against the Illinois Department of Corrections. Plaintiff cannot maintain his suit against the Defendant Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Illinois Department of Corrections is dismissed with prejudice.

Here, Plaintiff has brought several discrete groups of claims. Counts 1-3 all stem from events at Pickneyville Correctional Center, while the rest of Plaintiff's claims arise out of his time at Lawrence. And many of Plaintiff's other claims do not have any relationship with each other. The main uniting factor appears to be that these are things that happened to Plaintiff within the past 2.5 years, but that is not sufficient grounds for joinder. The claims mostly involve different Defendants, and different discretionary decisions. For these reasons, the Court finds that it is appropriate to sever claims into new cases pursuant to *George v. Smith*.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607

(citing 28 U.S.C. § 1915(b)(g)). Claims against different defendants, which do not arise from a single transaction or occurrence (or a series of related transactions/occurrences), and do not share a common question of law or fact, may not be joined in the same lawsuit. *See* Fed. R. Civ. P. 20(a)(2). Further, a prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21, or to dismiss improperly joined Defendants. *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express*, *Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Plaintiff's claims fall roughly into 6 groups: 1) Plaintiff's claims against certain John Doe employees of Pickneyville Correctional center for interference with his personal property; 2) Plaintiff's claims against Sharp for interfering with his access to courts at Lawrence Correctional Center; 3) Plaintiff's claim that a group of John Doe Defendants for claims arising out of his minor heart attack; 4) Plaintiff's claim against Chaplain Vaughn for burdening his right to free exercise; 5) Plaintiff's claims that certain staff failed to accommodate his disability at Lawrence; Plaintiff's claim against Jenkins for failing to accommodate Plaintiff's disability in early 2015 while transporting him off-site; and Plaintiff's claim against staff, including Jenkins, at Lawrence for retaliating against him for filing grievances; and 6) Plaintiff's claims against Snearly for cutting short Plaintiff's meal time. There are different Defendants across the 6 claim groupings, and none of the groups share a common nucleus of facts or events. For these reasons, the Court shall sever Plaintiff's claims into 5 other cases and assess a new filing fee as to the other cases.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever the claims in Count 4 into its own action against Sharp. It will sever the claims in

Counts 5 and 6 into their own action against John Does 13-18.  Count 7 shall be severed into its own case against Defendant Vaughn.  Counts 8 -11 shall be severed into a separate case against Falmier, Duncan, Lambs, Jenkins, Carie, Simms, Sanders, Tanner, Bruner, Bridwell, Johnson and Dunlap.  Finally, Count 12 against Snearly shall be severed into its own case.  The 5 severed cases shall have newly-assigned case numbers.  Plaintiff shall be assessed 5 more filing fees for the newly severed cases.  The severed cases shall undergo preliminary review pursuant to 1915A after new case numbers and judge assignments have been made.

Counts 1-3 shall remain in this action.  A separate order shall be issued in this case to review the merits of these claims.  Plaintiff shall be provided with a copy of the merits review order as soon as it is entered.  No service shall be ordered on any Defendant at this time, pending the § 1915A review.

### Disposition

**IT IS HEREBY ORDERED** that Defendants John Does 19-40 are **DISMISSED** from this action **without prejudice**.  Defendant Illinois Department of Corrections is **DISMISSED with prejudice**.

**IT IS HEREBY ORDERED** that Counts 4-12, which are unrelated to Counts 1-3, are severed into 5 separate cases.  The first case shall contain Count 4 and shall be against Sharp.  The second case shall contain Counts 5-6 against John Does 13-18.  The third case shall contain Count 7 against Vaughn.  The fourth case shall contain Counts 8-11 against Falmier, Jenkins, Carie, Simms, Sanders, Tanner, Bruner, Bridwell, Johnson and Dunlap.  Finally, the fifth case shall contain Count 12 against Snearly.  Defendants Sharp, John Does 13-18, Falmier, Jenkins, Carie, Simms, Sanders, Tanner, Bruner, Bridwell, Johnson, and Dunlap shall be **DISMISSED** from this case **without prejudice.**

The claims in the newly severed cases shall be subject to merits review pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new cases, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order
2) The Amended Complaint (Doc. 10)
3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 13)

Plaintiff **will be responsible for an additional $350.00 filing fee** in all 5 of the newly severed cases. No service shall be ordered on the defendant in the severed case until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that the *only claims remaining in this action are Counts 1-3* against Defendants John Does 1-12.

**IT IS FURTHER ORDERED** that Defendants **BOST, LAKIN, HOLLENBECK, BLANKENSHIP, and BASSETT** are **TERMINATED** from **this** action with prejudice.

**IT IS SO ORDERED.**

**DATED: February 7, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**