IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. CUNNINGHAM SR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SNEARLY, )<br>)<br>Defendant. ) | Case No. 17−cv–0127−NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Timothy J. Cunningham, Sr., an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

1

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff originally brought this claim in case No. 16-cv-1360-MJR on December 19, 2016. (Doc. 1). On February 8, 2017, the Court severed this claim from that action as unrelated. (Doc. 1).

Plaintiff alleges that on September 15, 18, and 21, 2016, Officer Snearly cut short the time to eat on the diabetic chow line. (Doc. 2, p. 16). Exhibits attached to the Complaint allege that on September 15, the last man in the chow line sat down at 4:43 pm, and that Snearly called out the inmates at 4:48 pm, forcing Plaintiff to throw away the rest of his meal. (Doc. 2-11, p. 3). On September 18, the last man sat down at 4:48 pm, and Snearly told the inmates to exit the chow facility at 4:51 pm. (Doc. 2-11, p. 5). On September 21, 2016, Snearly entered the chow dining area and told the assembled inmates that he usually gives inmates twelve minutes to eat, and that they had been eating for fifteen minutes, three minutes longer than usual. (Doc. 2, p. 16). The grievance Plaintiff wrote on this incident suggests that the last inmate sat down sometime between 4:44 pm and 4:47 pm, and that the inmates were told to get up at 4:50 pm.

(Doc. 2-11, p. 8).[1] Snearly told the inmates to get out because they had been eating too long. (Doc. 2, p. 16). Snearly was serving as the walk officer, who is in charge of moving inmates from building to building. *Id.* Plaintiff alleges that Snearly is not supposed to control how long the inmates have to eat. *Id.* Plaintiff further alleges that Snearly violated Rule 11 of the inmate orientation manual, which states that inmates will be allowed ten minutes to eat from the time the last man sits down. *Id.* As a result of Snearly's actions, Plaintiff was forced to throw away food. *Id.* Plaintiff is a diabetic. *Id.* If Plaintiff has to eat commissary food instead of chow hall food, it puts him at risk because he could potentially eat too much sugar. *Id.*

## Discussion

Previously, the Court found that Plaintiff had alleged one count against Snearly:

**Count 12 –** On three occasions in September 2016, Snearly cut short Plaintiff's time to eat food in violation of the Eighth Amendment.

Though the Constitution does not mandate comfortable prisons, it forbids inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The conditions of a prisoner's confinement are subject to the Eighth Amendment's prohibition of "cruel and unusual punishments." *Id.;* U.S. Const. amend. VIII. Inmates must be confined under conditions that provide for their basic human needs. *Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). The Eighth Amendment does not require the most intelligent, progressive, humane, or efficacious prison administration. *Oliver v. Deen,* 77 F.3d 156, 161 (7th Cir. 1996). Nor must prisons provide prisoners with more salubrious air, healthier food, or cleaner water than enjoyed by substantial numbers of free Americans. *Carroll v.*

---

[1] The grievance references other dates, but Plaintiff has not put them at issue in his Complaint, so the Court will pay them no regard.

3

*DeTella,* 255 F.3d 470, 472 (7th Cir. 2001). But prison officials have a duty to provide inmates adequate clothing, shelter, medical care, and food. *Farmer,* 511 U.S. at 832.

Successfully proving an Eighth Amendment claim requires a two-part showing. First, the deprivation alleged must be objectively, sufficiently serious so that an official's act or omission results in the denial of the minimal civilized measure of life's necessities. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (citing *Farmer,* 511 U.S. at 834). Second, the prison official must have the subjectively culpable state of mind known as deliberate indifference—that is, whether the official knew about the risk of harm, had the ability to prevent the harm, and failed to do so. *Mays v. Springborn,* 575 F.3d 643, 648 (7th Cir. 2009). Recovering damages under § 1983 requires both injury and a causal connection between that injury and the deprivation of a constitutionally protected right. *Henderson v. Sheahan,* 196 F.3d 839, 848 (7th Cir. 1999).

The objective analysis focuses on whether a plaintiff was forced to endure conditions that exceeded contemporary bounds of decency of a mature, civilized society. *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). Withholding food is not a *per se* objective violation of the Constitution; courts must assess the amount and duration of the deprivation. *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir. 1999). This Court has previously found that the proper inquiry is whether the time allowed for meals deprived an inmate of an adequately nutritious diet. *Harris v. Hodge*, No. 3:11-cv-0973-NJR-RJD, 2016 WL 6581294 at *3 (S.D. Ill. Nov. 4, 2016).

Here, Plaintiff has not sufficiently alleged that he was deprived of an adequately nutritious diet. Specifically, he has alleged that his meals were cut short on three separate occasions. Even if Plaintiff had missed the meals entirely, that would not rise to the level of a constitutional violation, particularly in a situation like the one here where the missed meals did not happen consecutively. *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that

4

denial of one out of every nine meals is not a constitutional violation); *but see Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (denial of food for three to five days at a time created a genuine issue of material fact as to an inmate's Eighth Amendment claim). Plaintiff has not alleged that he could not eat any of his food, and he has not specifically alleged how much time he had to eat on any of the three occasions. He only provides specific details about how much time there was between the last man sitting and the end of chow. He never alleges that he himself was the last man sitting or specifically state how much time he personally had to eat.

Plaintiff also has failed to adequately allege that he was harmed. He has just generally alleged that he was forced to throw away some food—he does not specify how much. He has also only alleged that he *could* have been harmed, not that he actually suffered from any harm as a result of the alleged deprivation. He has not alleged that his blood sugar readings were high or low on the days that he could not finish his meal, much less that he suffered any diabetic symptoms as a result of Snearly's actions. He also has implied that he was able to supplement the curtailed meals by buying products at the commissary. Plaintiff has alleged that this is problematic for his diabetes, but he has not provided any facts that would make this allegation plausible. For example, he has not alleged that any medical professional told him that his condition required him to stay away from the commissary entirely, as opposed to specific products available there.

Plaintiff also has not alleged that Snearly had the requisite mental state for deliberate indifference. Plaintiff has not alleged that Snearly knew that cutting meals short could potentially harm diabetics. In fact, the Complaint states that Snearly did not even know when the last inmate had sat down when he calculated how much time the inmates had to eat, and that Snearly believed he was giving inmates fifteen minutes to eat. Plaintiff also specifically alleged that the

warden, though not a party to this claim, was "uneducated" and "uninformed" about the consequences of cutting diabetic inmates' meals short. (Doc. 2, p. 16). This suggests that Snearly was negligent at worst, not deliberately indifferent. Plaintiff also alleges that Snearly may have violated the offender Orientation Manual, but a defendant cannot be liable for a violation of administrative regulations and guidelines. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations).

While the Court has permitted some claims that a plaintiff was continually deprived of enough time to finish his meals to survive threshold review, those cases are distinguishable. For example, in *Johnson v. Randle*, the plaintiff's claims alleged shortened time to eat over a period of ten months in combination with other allegedly unconstitutional issues with his food. No. 10-cv-0135-MJR-SCW, 2012 WL 1964996 at *3 (S.D. Ill. 2012). Plaintiff has not alleged that the deprivation he suffered was continuous or systematic. Nor has he alleged that any other factors contributed to a nutritionally inadequate diet. Simply put, Plaintiff's allegation that on three occasions he had to throw away some food does not state a claim upon which relief could be granted. This action will be dismissed with prejudice.

### Pending Motions

Plaintiff's pending motion for leave to proceed *in forma pauperis* (Doc. 3) will be addressed by separate order.

### Disposition

**IT IS HEREBY ORDERED** that **Count 12** is **DISMISSED with prejudice** for failure to state a claim upon which relief could be granted. Plaintiff is assessed a strike pursuant to 28 U.S. C. 1915(g). The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: March 8, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**